NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS R. JOHNSON, | No. 15-17273 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-02881-TLN-DAD |
| v. | |
| D. BAKER, C/O; SPEER, C/O, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

California state prisoner Luis R. Johnson appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Johnson failed to raise a genuine dispute of material fact as to whether defendants acted with retaliatory intent to chill his exercise of protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of retaliation claim in prison context).

The district court did not abuse its discretion in denying as untimely Johnson's August 3, 2015 motion for summary judgment and September 18, 2015 motion to amend because Johnson filed them after the deadline for pretrial motions. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (standard of review); *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001) (district court has broad discretion to control its docket and set deadlines).

We reject as without merit Johnson's arguments that the district court erred by failing to rule separately on Johnson's motion to strike and motion to remove the magistrate judge prior to entry of summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2 <span>15-17273</span>